IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:15CR12

JUSTIN D. BEACH

## MEMORANDUM OPINION

Justin D. Beach, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 192). In his § 2255 Motion, Beach raises the following claims for relief:

Claim One: Pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), Beach's convictions under 18 U.S.C. § 924(c)(1) are no longer constitutional. (§ 2255 Mot. 5.)[1]

Claim Two: "Counsel was ineffective under Sixth Amendment for not challenging the Government's lack of evidence supporting and/or showing that it has legislative jurisdiction over the geographical location of the bank in question and/or the lack of evidence supporting and/or showing th[at] its application of the federal bank robbery act against Beach was within the scope and/or bounds of legislative intent." (Id. at 11.)

Claim Three: "Counsel was ineffective under the Sixth Amendment for not raising the issue of whether the bank is FDIC insured." (Id. at 14.)

---

[1] The Court utilizes the pagination assigned to Beach's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Beach's submissions.

The Government has responded that Beach's claims lack merit. (ECF No. 201.) Beach filed a "MOTION FOR LEAVE TO FILE TRAVERSE" (ECF No. 203) will be granted to the extent that the Court will consider Beach's "ANNEXED & EXHIBITED PROPOSED REPLY-TRAVERSE" ("Reply." ECF No. 204). For the reasons set forth below, Beach's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On March 23, 2015, Justin D. Beach pled guilty to Bank Robbery and Aiding and Abetting Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One), and Possession and Discharge of a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two). (Plea Agreement 1, ECF No. 71.) The Court sentenced Beach to 30 months of imprisonment on Count One and 120 months of imprisonment on Count Two to run consecutively. (J. 2, ECF No. 143.)

## II. ANALYSIS

### A. Johnson Claim

In Claim One, Beach contends that, pursuant to Johnson, his convictions under 18 U.S.C. § 924(c)(1) are no longer constitutional. In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's

2

guarantee of due process." 135 S. Ct. at 2563.[2] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule of law that has retroactive effect in cases on collateral review." Id. at 1268.

Here, however, Beach was never subject to a sentence enhancement under the ACCA. Rather, Beach seeks to extend Johnson to invalidate his convictions under 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
> . . .

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Under this section, a "crime of violence" is defined as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

The Supreme Court has not yet determined whether its decision in Johnson invalidates § 924(c)(3)(B), the "residual clause" of this subsection. However, the Court need not decide that issue, as Beach's conviction under 18 U.S.C. § 924(c)(1)(A) were predicated on charges of bank robbery. The United States Court of Appeals for the Fourth Circuit has held that bank robbery under 18 U.S.C. § 2113(a) squarely constitutes a crime of violence under the force clause, § 924(c)(3)(A). See United States v. McNeal, 818 F.3d 141, 153 (4th Cir.), cert. denied, 134 S. Ct. 164 (2016). Thus, Beach's claim is meritless. Claim One will be dismissed.

B. Ineffective Assistance Of Counsel

Claims Two and Three which allege ineffective assistance of counsel can also be dismissed summarily because counsel cannot be faulted for failing to lodge frivolous objections.

4

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim Two, Beach argues that "counsel was ineffective under Sixth Amendment for not challenging the Government's lack of evidence supporting and/or showing that it has legislative jurisdiction over the geographical location of the bank in question and/or the lack of evidence supporting and/or showing

5

th[at] its application of the federal bank robbery act against Beach was within the scope and/or bounds of legislative intent." (§ 2255 Mot. 11.) Beach contends that "[t]he robbery that Beach committed was a run-of-the-mill, typical, state bank robbery" and that "[i]n today's interconnected global economy the robbery of any financial institution would affect interstate and/or foreign commerce. Congress never intended for the Federal Government to prosecute and/or consequently convict persons for typical, run-of-the-mill, state robberies, where the perpetrators did not cross the borderline of the state . . . ." (Id.) Beach argues that the Government must prove that "the physical, geographical location where the bank was robbed" is a "federal enclave[]/territor[y], ceded to the United States by the Commonwealth of Virginia" for the federal Government to have jurisdiction. (Id. at 11-12.) Beach fails to cite any legal authority for his conclusory and frivolous assertions.

Although Beach argues that this bank robbery did not involve a substantial federal interest, bank robbery is a federal offense, criminalized in 18 U.S.C. § 2113.[3] Counsel cannot be faulted for failing to raise this meritless objection

---

[3] Beach robbed a branch of Wells Fargo, a national bank, the deposits of which were insured by the Federal Deposit Insurance Corporation. (See Statement of Facts 1-4, ECF No. 70.) "It is beyond question that federal jurisdiction is properly established under 18 U.S.C. § 2113(a) where the bank which is robbed is either a federally chartered institution or a banking institution whose deposits are insured by the Federal Deposit Insurance Corporation." United States v. Harris, 530 F.2d 576, 578 (4th Cir. 1976).

to the federal Government's jurisdiction over the bank robbery. Claim Two lacks merit and will be dismissed.

In Claim Three, Beach argues that "[c]ounsel was ineffective under the Sixth Amendment for not raising the issue of whether the bank is FDIC insured." (§ 2255 Mot. 14.) Beach argues that counsel "fail[ed] to explain to Beach that the government failed to provide evidence to prove that the bank was or was not FDIC insured." (Id.) Once again, as Beach appears to concede (Reply 34), counsel cannot be faulted for failing to raise a challenge based on this meritless argument. Beach entered into a guilty plea, inter alia, to Count One which charged him with Bank Robbery and Aiding and Abetting Bank Robbery in violation of 18 U.S.C. § 2113(a)[4] and 2. (Plea Agreement ¶ 1, ECF No. 71.) In the accompanying Statement of Facts to the Plea Agreement, Beach agreed that the facts set forth therein were "true and correct, and that had the matter gone to trial, the United States could have proven each of them beyond a reasonable doubt," and also agreed that "[t]he parties further stipulate that Wells Fargo bank had deposits that were

---

[4] A "bank" under 18 U.S.C. § 2113 is defined as

> any member of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank . . . and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

18 U.S.C. § 2113(f).

insured by the Federal Deposit Insurance Corporation to and on November 26, 2014," the day that Beach robbed Wells Fargo. (Statement of Facts 4.) In his Plea Agreement, Beach agreed that he was pleading guilty because he was in fact guilty of the charged offenses, he "admit[ted] the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt." (Id. ¶ 3.) In light of Beach's stipulation in his Statement of Facts, and because the challenge to whether Wells Fargo qualified as a bank under the federal bank robbery statute is entirely frivolous, Beach fails to demonstrate deficiency of counsel or resulting prejudice. Claim Three lacks merit and will be dismissed.

Accordingly, Beach's claims will be dismissed and the § 2255 motion will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Order to Beach and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 16, 2017
Richmond, Virginia

8